BANNING MICKLOW & BULL LLP
Edward M. Bull III, SBN 141996
Eugene A. Brodsky, SBN 36691
Steuart Tower, One Market, Suite 1440
San Francisco, California 94105
Telephone: (415) 399-9191
Facsimile: (415) 399-9192

Attorneys for Plaintiff
Georgina Henson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GEORGINA HENSON,<br><br>Plaintiff,<br><br>vs.<br><br>CAMELLIA CARRIERS, and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.: 08 3757 JCS<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASE SHOULD BE RELATED PURSUANT TO CIVIL L.R. 7-11** |

## 1. PRIOR ACTIONS

A Longshoreman's complaint for Damages pursuant to the Longshore and Harbors Workers' Compensation Act, 33 U.S.C § 901 et seq., on behalf of the plaintiff, GEORGINA HENSON, was filed in the California Superior Court, County of Alameda, Case No. RG 08376724, against Defendant MITSUI O.S.K. LINES, LTD, et al. on March 14, 2008.

On May 8, 2008, A Notice of Removal of Action under 28 U.S.C. § 1441 (b) (Diversity) was filed by defendant MITSUI OS.K. LINES, LTD., incorporated in Japan, with a principal place of business in Tokyo, Japan. The action was transferred to the Northern District.

On or about May 13, 2008, counsel for MITSUI O.S.K. LINES, LTD filed an Answer with Magistrate Judge James Larson, who had been assigned the case. Defendants' answer, *inter alia*, alleged as a Third Affirmative Defense that the MOL EXPLORER, the vessel upon which plaintiff was injured, was owned by Camellia Carriers which had time chartered the vessel to MITSUI O.S.K. LINES, LTD., for a period of fifteen years. Under Maritime law, the vessel owner, Carrellia Carriers retained control over management and navigation of the vessel, and absent an agreement to the contrary, the time charterer assumes no liability for negligence. Based upon these facts, plaintiff and defendant filed a Notice of Voluntary Dismissal with the District Court on or about July 21, 2008.

## 2. FILING OF RELATED ACTION, LOCAL RULE 3-12; 7-11.

On August 6th, 2008, an action was again filed in the matter of GEORGINA HENSON v. CAMELLIA CARRIERS CV 08 3757, JCS, and the case was assigned to Magistrate Judge Joseph C. Spero. This action is related to substantially the same transaction or event and therefore plaintiff is required to file an Administrative Motion to Consider Whether Cases Should be Related and either assigned to Magistrate Judges Larson or Spero pursuant to Civil L.R. 7-11. The only known party to be served with this Administrative Motion is the Defendant Camellia Carriers.

///
///

1
2  DATED: August 13, 2008                    BANNING MICKLOW & BULL LLP
3
4                                            By  __Eugene A. Brodsky__
                                                  Edward M. Bull III
                                                  Eugene A. Brodsky
5
                                             Attorneys for Plaintiff
6                                            Georgina Henson
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

---
3

MOTION TO CONSIDER                                    CASE NO.: 08 3757 JCS

## DECLARATION OF SERVICE

CASE NAME: *Henson v. Camellia Carriers,*
CASE NO.: **08-3757 JCS**

I, the undersigned, am a citizen of the United States, over 18 years of age, and not a party to the within entitled action; I am employed at and my business address is, One Market, Steuart Tower, Suite 1440, San Francisco, California. On this date I served the following document(s):

**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASE SHOULD BE RELATED PURSUANT TO CIVIL L.R. 7-11**

on the parties stated below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

**EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP**
**Andrew I. Port**
**Katharine Essick Snavely**
**49 Stevenson Street, Suite 400**
**San Francisco, CA 94105**
**Attorneys for Defendant MITSUI O.S. K. LINES, LTD**

__X__: **By First Class Mail** - I caused each such envelope, with first-class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

____: **By Personal Service** - I personally caused delivery of each such envelope to the office of the addressee.

____: **By Overnight Courier** - I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the office of the addressee on the next business day.

____: **Facsimile** - (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D. CA)

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 14, 2008, at San Francisco, California.

Jean Culver